Submitted on appellants' brief October 25, 1977, affirmed January 31, 1978

LEISER et ux, *Appellants,*
*v.*
SPARKMAN et al, *Respondents.*
(No. 48136, SC 25137)

573 P2d 1247

Thomas J. Reuter, and Morley, Thomas & Kingsley, Lebanon, for appellants.

[ 119 ]

No appearance for respondents.

BRYSON, J.

## BRYSON, J.

Plaintiffs brought this action for money had and received to recover from defendant the earnest money of $100 and the down payment of $1,000 on a contract to purchase real property located in Linn County. The trial court, sitting without a jury, entered judgment in favor of defendant Sparkman.[1] Plaintiffs appeal.

Plaintiffs set forth three assignments of error, all of which refer to the trial court's ruling and decision from the bench at the conclusion of the trial. We conclude the only matter before this court on appeal is whether or not there is any evidence to support the trial court's finding and decision. The trial court stated:

> "* * * The evidence does not show that there was a mutual recision [sic] between the parties. * * * [T]he Court decides that they [plaintiffs] haven't proved that there was a recision [sic]; the allegations of the Complaint have not been established. * * * So the decision is lack of proof on the Amended Complaint and thereby the Court did not reach a decision on the matters in the affirmation defense."

The judgment entered provided "* * * that Plaintiffs did not prove the allegations in their complaint and that Defendant Violet B. Sparkman should prevail."

On April 13, 1976, plaintiffs and defendant entered into an earnest money agreement to buy and sell real property located in Linn County. Plaintiffs paid $100 earnest money, and the balance of the down payment, $7,000, was to be made when the purchasers received their money from the sale of their property in Lebanon, Oregon. Possession of the property was to be delivered to plaintiffs on May 10, 1976. The plaintiffs sold their property in Lebanon and had to vacate by the first of May, 1976, and wanted to take possession of defendant's property on May 1. The defendant testified that she could find no rentals or place to live

---

[1] Defendant Transamerica Title Insurance Company is not a party to this appeal. Reference to defendant refers only to Violet B. Sparkman.

because she had no funds. She then asked the plaintiffs to pay the additional $1,000, referred to as down payment. Plaintiffs paid the $1,000 on April 26, 1976, and on this basis defendant gave plaintiffs possession on May 1.

At trial it appears plaintiffs presented their case as one of mutual rescission and asked to recover the earnest money and down payment.

In plaintiffs' brief it appears that they are now arguing that there was a unilateral rescission of the contract. However, this matter was not presented to the trial court nor was there any ruling on the matter. It is well settled that when a cause has been heard upon a certain theory in the trial court, with the acquiescence of the parties litigant, it must be so continued on appeal. The parties to an appeal are restricted to the theory upon which the cause was prosecuted or defended in the court below. *Friesen v. Fuiten,* 257 Or 221, 231, 478 P2d 372 (1970). During trial, plaintiffs stated, "* * * there was some innocent mutual mistakes as well as fraudulent matters. * * * It goes right along with the point of mutual rescission, Your Honor."

After moving onto the property, plaintiffs became dissatisfied with the purchase and vacated the property. Thereafter, defendant took possession.

We have reviewed the testimony and it is clear that the defendant did not rescind the contract and did not know that the plaintiffs were vacating the property. Defendant testified that she was at all times ready, willing, and able to perform the contract.

We conclude that the plaintiffs failed to carry their burden of proof, and there is an abundance of evidence to support the trial court's decision.

Affirmed.