Argued and submitted January 24, reversed and remanded August 31, 1983

## STATE OF OREGON,
*Respondent,*

*v.*

## GEORGE MARQUES MARTIN,
*Appellant.*

(10-82-00460; CA A25243)

668 P2d 479

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Linda Acaldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals from a conviction of robbery in the first degree.[1] ORS 164.415. He contends that the trial court erred by (1) instructing the jury to consider whether defendant was guilty of robbery in the second degree only if it first found that the state had failed to prove beyond a reasonable doubt each element of robbery in the first degree; (2) imposing a five-year minimum sentence under ORS 161.610; (3) admitting in evidence certain items seized during a search of defendant's vehicle; and (4) ordering defendant to make restitution in the absence of findings that he would have the ability to pay restitution upon his release from incarceration. We reverse and remand for a new trial.

The pertinent facts can be summarized briefly. On May 2, 1981, the Bi-Mart Store in Cottage Grove was robbed by three people wearing gloves and masks made from knitted caps with holes cut in them. At trial, the evidence established that defendant took money from the safe, another person taped the hands and feet of the employes and a third person stood by, holding a gun. Gloves, two knitted caps and some duct tape, seized in a search of defendant's vehicle conducted by Thibodaux, Louisiana, police in December, 1981, were received in evidence.

In defendant's first assignment of error, he contends that the trial court erred in giving the following instruction to the jury:

"'* * * if you find that the State has failed to prove beyond a reasonable doubt each of the elements of robbery in the first degree as I have given them to you, you may consider whether the State has proven all the material elements of robbery in the second degree.'"

This instruction constitutes prejudicial error in that it impermissibly mandates the jury to reach a verdict with respect to the offense charged before considering the lesser included offense. *State v. Bird,* 59 Or App 74, 79, 650 P2d 949, *rev den*

---

[1] Defendant was convicted of both robbery in the first degree and conspiracy to commit robbery in the first degree, ORS 161.450. For sentencing, the convictions were merged. ORS 161.485(3). At the election of the state, sentence was imposed for the conviction of robbery in the first degree. *See State v. Peterson,* 26 Or App 471, 552 P2d 1320 (1976); *State v. Reed,* 15 Or App 593, 517 P2d 318 (1973).

294 Or 78 (1982); *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978). Moreover, the challenged instruction cannot be cured by considering the instructions as a whole. *Cf. State v. Hammick,* 2 Or App 470, 472-73, 469 P2d 800 (1970) (instruction does not constitute reversible error if instructions considered as a whole do not prejudice defendant). Therefore, defendant's conviction must be reversed, and the case remanded for a new trial.

■     Defendant's second and fourth assignments of error concern sentencing provisions. Because these issues could arise again, we will address them. Defendant contends that the mandatory minimum sentence of five years imposed under ORS 161.610 for use of a firearm in the commission of a crime cannot be applied to him. We agree. A mandatory minimum sentence under ORS 161.610 is authorized only when the defendant personally used or threatened to use a firearm in the commission of the crime. *State v. Wedge,* 293 Or 598, 652 P2d 773 (1982); *State v. Thiesies,* 63 Or App 200, 662 P2d 797 (1983). Here, the trial court specifically found that defendant did not personally possess the firearm used in the commission of the crime. The court erred in imposing a minimum sentence under ORS 161.610.

■     Defendant also challenges the sentence provision ordering restitution. Although a trial court may order restitution, it must take into account the financial resources of the defendant and the burden that payment of restitution will impose. ORS 137.106. As the state concedes, the record does not indicate that the trial court took those factors into account. The order requiring restitution, therefore, was made in error. *State v. Smith,* 60 Or App 139, 652 P2d 882 (1982); *State v. Barnes,* 58 Or App 516, 648 P2d 1306 (1982).

■     Defendant's final contention is that the trial court erred in admitting in evidence the gloves, duct tape and knitted caps seized from defendant's vehicle. He urges that those items should have been excluded because they lacked relevancy. At trial, however, defendant acquiesced in their admission. The error, if any, was not preserved in the trial court, and we will not consider it on appeal. *State v. Evans,* 290 Or 707, 713, 625 P2d 1300 (1981); *see also State v. Bishop,* 49 Or App 1023, 1030, 621 P2d 1196 (1980), *rev den* 290 Or 727 (1981).

Reversed and remanded for a new trial.