RONALD TARWATER,
*Appellant,*

*v.*

CUPP,
*Respondent.*

(144,280; CA A37898)

733 P2d 912

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

David L. Kramer, Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner was convicted in a jury trial on two counts each of second degree kidnapping and first degree rape and three counts of first degree sodomy. Consecutive sentences were imposed, with a minimum sentence of 30 years under ORS 144.110. He sought post-conviction relief, ORS 138.510, on the grounds that he had had ineffective assistance of trial counsel and that the written sentencing order differed from the court's oral pronouncement from the bench. The post-conviction court denied relief.

Petitioner first contends that the jury instructions given on the rape and sodomy counts were improper, because they are "acquittal first" instructions, citing *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978), and that he had ineffective assistance of trial counsel, because counsel failed to except to the giving of those instructions. We agree.

The instruction given stated:

"[A]lthough [petitioner] is charged [with the first degree offense], you have the right to determine * * * that [he] has committed a crime of lesser degree, *provided that you are not satisfied beyond a reasonable doubt that he has committed the crime as charged,* but you are satisfied beyond a reasonable doubt that he has committed a crime of lesser degree." (Emphasis supplied.)

It told the jurors that they should consider the lesser-included offenses *only* if they did not find petitioner guilty of the first degree offenses beyond a reasonable doubt. The court erred in giving that instruction, because it required the jury to reach a verdict on the offenses charged before considering any lesser-included offenses. *State v. Martin,* 64 Or App 469, 471, 668 P2d 479 (1983); *State v. Ogden, supra.* Petitioner's counsel's failure to except to the giving of that instruction constitutes ineffective assistance of counsel. *Peaslee v. Keeney,* 81 Or App 488, 491-492, 726 P2d 398 (1986), *rev den* 302 Or 571 (1987). The post-conviction court therefore erred in denying relief.

Petitioner also contends that his trial counsel was ineffective, because he failed to contact and call two witnesses to testify.[1] The post-conviction court found that calling the

---

[1] We address this issue because it pertains to the kidnapping conviction.

witnesses had been considered and that tactical and practical considerations of counsel had ruled it out. The record supports those findings. The court did not err.

Finally, petitioner's minimum sentence must be vacated, because it was based in part on the sentences imposed for the rape and sodomy convictions. We therefore need not address petitioner's contention that the written sentencing order differed from the court's oral pronouncement from the bench, because the alleged difference concerned only the imposition of a minimum sentence.[2]

Reversed and remanded with instructions to order new trial on rape and sodomy counts only; minimum sentence vacated; otherwise affirmed.

---

[2] Petitioner also submitted to us a *pro se* letter dated January 29, 1987. Because we reverse and remand for a new trial on the rape and sodomy convictions, we need not address whether the issues defendant attempted to raise in the letter are properly before us.