Argued and submitted September 3, 1987, affirmed January 6, 1988

## RONALD TARWATER,
*Respondent on Review,*

*v.*

## CUPP,
*Petitioner on Review.*

(TC 144,280; CA A37898; SC S33884)

748 P2d 125

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Stephen H. Gorham, Salem, argued the cause and filed the briefs for respondent on review.

CAMPBELL, J.

Gillette, J. concurred and filed an opinion.

Carson, J. dissented and filed an opinion in which Peterson, C. J., and Jones, J., joined.

## CAMPBELL, J.

This is a post-conviction case. The issues are whether the jury instructions on lesser included offenses were "acquittal first" instructions in violation of the *Allen-Ogden* rule[1] and, if so, did Tarwater receive inadequate assistance of counsel because his trial counsel requested the instructions. We answer both issues in the affirmative. We affirm the Court of Appeals which reversed the post-conviction court in part. 84 Or App 133, 733 P2d 912 (1987).

In 1978 the petitioner Tarwater was found guilty by a jury of two counts of KIDNAPPING IN THE SECOND DEGREE, two counts of RAPE IN THE FIRST DEGREE, and three counts of SODOMY IN THE FIRST DEGREE. He was sentenced to a term of imprisonment in the Oregon State Penitentiary. His appeal to the Court of Appeals was affirmed from the bench. *State v. Tarwater,* 43 Or App 473, 604 P2d 459 (1979).

In November 1984 Tarwater filed his "THIRD AMENDED PETITION FOR POST CONVICTION RELIEF" in this case which in relevant part alleged:

"Petitioner believes his imprisonment was, and is, illegal and the illegality thereof consists of the following:

"* * * * *

"E)    Petitioner was denied the assistance of effective counsel under the Sixth and Fourteenth Amendments of the Constitution of the United States and under Article One, Section XI [sic] of the Constitution of Oregon in that:

"* * * * *

"c)    Counsel requested that improper jury instructions be read to the jury on lesser included crimes which were coercive and illegal and therefore denied Petitioner a fair trial and due process of law."

Tarwater is complaining about five lesser included offense jury instructions which his counsel requested and the

[1] *State v. Allen,* 301 Or 35, 717 P2d 1178 (1986) and *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978).

The underlying criminal case was tried in the Multnomah County Circuit Court in September 1978. The *State v. Ogden, supra,* decision was published on July 5, 1978.

trial court gave in the rape and sodomy counts. The instruction given in one of the separate counts demonstrates Tarwater's concern:

> "Now, with reference to the crime charged in Count III of the Indictment, although the defendant is charged in that Count with the crime of Rape in the First Degree, you have the right to determine in that Count that the defendant has committed a crime of lesser degree, *provided that you are not satisfied beyond a reasonable doubt that he has committed the crime as charged,* but you are satisfied beyond a reasonable doubt that he has committed a crime of lesser degree. I instruct you that as a matter of law, under the facts in this case, Rape in the Third Degree is a crime of lesser degree to Rape in the First Degree." (Emphasis added.)

The other four instructions in question vary only as to the crime charged and the lesser included crime—the basic language of all five instructions is the same.

Tarwater contends that the emphasized language in the above quoted instruction makes it an "acquittal first" type of instruction which is prohibited by *State v. Allen,* 301 Or 35, 717 P2d 1178 (1986) and *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978).

The post-conviction court dismissed Tarwater's petition. Under the heading of "FINDINGS OF FACT" it stated that Tarwater had failed to sustain his burden of proof "in proving ineffective assistance of counsel" and that the jury instructions in question "are distinguished from the instruction forbidden by *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978), and were not prejudicial" to Tarwater.[2] It entered a conclusion of law that "the representation by counsel was reasonable under the circumstances."

Tarwater appealed to the Court of Appeals and claimed among other things that the post-conviction court was in error in holding that the instructions in question were distinguishable from the *Ogden* type instructions.

The defendant Superintendent of the Penitentiary (Superintendent) argued in his brief in the Court of Appeals:

---

[2] In the context of this case these statements by the post-conviction court were not findings of fact but conclusions of law and therefore are not binding on the Court of Appeals or this court under *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

"The instruction below did not require the jury to first acquit petitioner of the charged offense. It allowed consideration of the lesser offense if the jury 'were not satisfied beyond a reasonable doubt that [petitioner] committed the crime as charged.' Thus, the jury could consider the lesser charge *either* where it 'acquitted' on the first charge *or* if the jury was simply undecided on that charge. This satisfies the test of *State v. Ogden.*

"Since the instruction was adequate and non-prejudicial, it follows counsel need not have objected to it at trial."[3] (Emphasis in original.)

The Court of Appeals reversed the post-conviction court and in effect held that the instructions were improper because they were "acquittal first" instructions in violation of *State v. Ogden, supra,* and that the trial counsel's request of them was ineffective assistance of counsel. The Court of Appeals quoted one of the instructions and then said:

"It told the jurors that they should consider the lesser-included offense *only* if they did not find petitioner guilty of the first degree offenses beyond a reasonable doubt. The court erred in giving that instruction, because it required the jury to reach a verdict on the offenses charged before considering any lesser included offenses. *State v. Martin,* 64 Or App 469, 471, 668 P2d 479 (1983); *State v. Ogden, supra.*"

84 Or App at 235 (emphasis in original).

We allowed the Superintendent's petition for review. In this court the Superintendent has shifted from his position in the Court of Appeals. He continues to argue that the instructions were not improper under the previous Court of Appeals decisions and this court's decision in *State v. Allen, supra, but if* the instructions were improper the errors were inconsequential under *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981) and harmless under Article VII (Amended), section 3, of the Oregon Constitution, *because* the lesser included instructions should never have been submitted to the jury in the first place under *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975). In other words, the Superintendent is arguing that Tarwater received more than he was entitled to

---

[3] The Superintendent's argument in the Court of Appeals is based on the erroneous assumption that Tarwater's trial counsel did not request the instructions in question.

in the trial court and therefore his counsel's submission of the instructions could not be ineffective or inadequate assistance.[4]

This case was briefed and argued in the Court of Appeals on the simple head-to-head issue of whether the instructions in question were "acquittal first" instructions in violation of *State v. Allen, supra,* and *State v. Ogden, supra.*[5] The Superintendent specifically referred to the instructions as "adequate" and "non-prejudicial." Nowhere in the limited record before us did the Superintendent argue otherwise prior to his petition for review in this court.

The Superintendent cannot at this stage of the proceedings shift his position and claim that the instructions were inconsequential or harmless because it was improper to give them in the first place. Appellate courts do not ordinarily allow issues to be raised for the first time on appeal. *See Top*

---

[4] Tarwater in his petition in the post-conviction court alleged that he had been denied the "effective" assistance of counsel. This court in *Krummacher v. Gierloff,* 290 Or 867, 872 n 3, 627 P2d 458 (1981), held that the proper test is the "adequate" assistance of counsel.

[5] In the post-conviction court the defendant Superintendent of the Penitentiary argued:

"In regards to the jury instructions, that [Tarwater's] counsel did request the jury instructions, they were proper ones. The idea behind those from the Petitioner's then Defendant's standpoint were that they wanted something to be in front of the jury that they could find that he was guilty of a lesser-included offense rather than the Class A felony for which he was in fact found guilty.

"* * * And I think that they were appropriate jury instructions to ask for on the part of the defense and that there was no error such as would violate the standards of *Krummacher* by the Petitioner's defense attorney at trial."

The reference to *Krummacher* is to *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981).

Although the Superintendent's argument in the Court of Appeals in regard to the jury instructions was the same as his argument in the post-conviction court his position as respondent in the Court of Appeals was different than his position as petitioner on review in this court. He won in the post-conviction court but lost in the Court of Appeals. As respondent in the Court of Appeals he would have been entitled to change his argument and claim that the post-conviction court was right for the wrong reason. That is consistent with this court's long-standing rule set out in *Rader v. Gibbons and Reed Company,* 261 Or 354, 365 n 3, 494 P2d 412 (1972):

"We have held that where the ruling of the trial judge is correct on any ground it will be upheld, even though his reasons for the ruling may have been erroneous. *Pakos v. Warner,* 250 Or 203, 205-206, 441 P2d 593 (1968); *Bither v. Baker Rock Crushing,* 249 Or 640, 651, 438 P2d 988, 440 P2d 368 (1968)."

However, as petitioner in this court the Superintendent cannot shift or change his position and argue or raise an issue that was not before the Court of Appeals.

*Service Body Shop, Inc. v. Allstate Ins. Co.,* 283 Or 201, 582 P2d 1365 (1978); *Kubik v. J & R Foods of Oregon, Inc.,* 282 Or 179, 577 P2d 518 (1978); *Leiser v. Sparkman,* 281 Or 119, 573 P2d 1247 (1978); *State v. Hickman,* 273 Or 358, 360, 540 P2d 1406 (1975).

◼ Our review in this case is limited to whether the lesser included jury instructions requested by Tarwater's trial counsel were "acquittal first" instructions prohibited by *State v. Allen, supra,* and *State v. Ogden, supra.* We hold that the instructions were improper. They told the jury that it could consider the lesser offenses only after it was not satisfied beyond a reasonable doubt that Tarwater had committed the crime charged. In other words, if the jury acquitted Tarwater of the crime charged then, and only then, could it consider the lesser included crimes.

Our review in the context of this case is also based upon the premise that it was proper for Tarwater to request the trial court to give lesser included instructions if they did not violate the *Allen-Ogden* rule.

In *State v. Allen, supra,* we held that the giving of an "acquittal first" instruction had a coercive effect on the jury. 301 Or at 41. That being true, it follows that Tarwater was prejudiced and did not have a fair trial because of the inadequate assistance of the counsel who requested the instructions. *Krummacher v. Gierloff, supra;* Or Const, Art I, § 11.

We affirm the decision of the Court of Appeals which "reversed and remanded with instructions to order new trial on rape and sodomy counts only; minimum sentence vacated;[6] [and] otherwise affirmed" the post-conviction court. 84 Or App at 236.

**GILLETTE, J.,** concurring.

On the merits of this case, the disagreement among members of the court is over whether the instructions given required acquittal first. If they did, all would agree they were

---

[6] Included in the trial court's judgment were three 20-year consecutive sentences on some of the rape and sodomy counts. The trial court also gave Tarwater a 30-year minimum sentence. The Court of Appeals in its decision held "petitioner's minimum sentence must be vacated, because it was based in part on the sentences imposed for the rape and sodomy convictions." 84 Or App at 236. The petition for review in this court does not raise the vacation of the minimum sentence as a separate issue.

erroneous. The dissent does not so read them. I do. I therefore join the majority. I write separately only to point out an issue likely to arise as a consequence of our decision today and to voice my own view as to how that issue should be resolved.

The present Uniform Criminal Jury Instruction on the problem we address today, UCrJI No. 1009 (revised December, 1986), provides:

"When you deliberate you should first consider the charged offense and, if you find the defendant not guilty on the charged offense, *or if you cannot agree on a verdict on the charged offense,* you should then consider the lesser included offense." (Emphasis supplied.)

While the phrase in the instruction, "if you find the defendant not guilty on the charged offense," may seem like "acquittal first" language already condemned by this court in *State v. Allen,* 301 Or 35, 39, 717 P2d 1178 (1986) and by the Court of Appeals in *State v. Ogden,* 35 Or App 91, 94-95, 580 P2d 1049 (1978), its effect is totally changed by the subsequent, emphasized language beginning with the word "or." A jury is being given all three possibilities: conviction on the principal charge, acquittal on the principal charge, or failure of a requisite number of jurors to decide either way. In the second and third cases, a lesser included offense then should be considered.

In other words, the present UCrJI No. 1009 does clearly and correctly what the instruction in the present case failed to do. There doubtless will be litigation over that issue in the wake of our decision today, but I am confident that the Court of Appeals will have no difficulty in disposing of it.

I concur.

**CARSON, J.,** dissenting.

For nearly a decade, the appellate courts of this state have sought to bring clarity to this remote area of criminal jurisprudence—jury instructions on lesser-included crimes. In this quest for clarity, I am convinced that we have become overly-precise in an imprecise field. .

After years of dormancy, the Oregon appellate courts reconsidered the appropriate instruction on the deliberation procedure to be used by the jury when considering lesser-

included offenses. First, the Court of Appeals decided *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978). That court held the following instruction to be reversible error:

> "You have to start with the charge contained in the indictment * * * and you consider the [lesser included] charge * * * only if you should find the Defendant not guilty of the * * * [original charge]." 35 Or App at 94.

Subsequently, this court noted in *State v. Allen,* 301 Or 35, 38, 717 P2d 1178 (1986) that the following instruction was to be viewed as reversible error:

> "* * * If you determine that the defendant is not guilty of the crime of _____ you may consider the lesser included crime of _____. *State v. Bird,* * * * 59 Or App at 79; *State v. Martin,* 64 Or App 469, 471-472, 668 P2d 479 (1983)."[1]

On the other hand, this court, in *Allen,* approved the following instruction adopted by the Oregon State Bar Uniform Criminal Jury Instructions Committee:

> "* * * [i]f you cannot agree on a verdict on the charged offense, you should then consider the lesser included offense." 301 Or at 37.

The operative part of each of the questioned jury instructions here is as follows:

> "* * * [A]lthough the defendant is charged in that Count with the crime of Rape in the First Degree [charged offense], you have the right to determine in that Count that the defendant has committed a crime of lesser degree, *provided that you are not satisfied beyond a reasonable doubt that he has committed the crime as charged,* but you are satisfied beyond a reasonable doubt that he has committed a crime of lesser degree. * * *" (Emphasis supplied.)

The heart of the *Ogden* decision in the Court of Appeals was that the jury was required to reach a verdict before proceeding with consideration of a lesser-included offense. The court stated: "The import of the supplemental instruction was that before the jury could consider the lesser

---

[1] This instruction appears in comments to Uniform Criminal Jury Instruction No. 1009, adopted by the Oregon State Bar Uniform Criminal Jury Instructions Committee in June 1984. *But see* revised Uniform Criminal Jury Instruction No. 1009, December 1986.

included offense, it had to reach a verdict with respect to the burglary charge [charged offense], and that if the jury was deadlocked as to the burglary charge, the court must order a mistrial." *State v. Ogden, supra,* 35 Or App at 94-95. *See also State v. Allen, supra,* 301 Or at 39. The nub of the rationale behind the "bad" instruction is its coercive effect upon a juror. That is, by proceeding in this manner from the most serious to a less serious offense, *verdict* by *verdict,* the juror is compelled to find the defendant guilty, find the defendant not guilty, or allow a mistrial to be suffered. This reversible instruction format, as noted by the majority, has been dubbed "acquittal first."

What the majority fails to note, or to find significant, is that the instruction in this case does not first require an acquittal before lesser-included offenses may be considered. What is required merely is the inability to reach a guilty verdict. There is a difference. For example, a 9-3 vote for a guilty verdict under the instruction considered in *Ogden* would require (coerce) movement by at least one juror to avoid a hung jury. Under the instruction in this case, a 9-3 vote for a guilty verdict (sufficient number of jury not satisfied of guilt) would permit the jury to examine lesser-included offenses.

In my opinion, the jury instruction in this case does not suffer the coercive effect that lies at the heart of the appellate courts' objection to the *Ogden* instruction.

Simply stated, I see a substantial difference between the requirement to find a *verdict* for acquittal before proceeding and a direction to proceed if there is no finding of guilt. The post-conviction court was right: Petitioner's trial counsel did not render inadequate assistance in proposing the jury instructions.

Peterson, C. J., and Jones, J., join in this dissenting opinion.