Argued and submitted November 19, 1987, affirmed April 6, reconsideration denied June 3, petition for review denied July 6, 1988 (306 Or 155)

## ANTONE M. DOTTA,
*Appellant,*

*v.*

## KEENEY,
*Respondent.*

## (86-C-10215; CA A44387)

752 P2d 328

John E. Storkel, Salem, argued the cause and submitted the brief for appellant.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Kurt Mitchell, Certified Law Clerk, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner appeals from a denial of his petition for post-conviction relief, alleging that he received ineffective assistance of counsel at his criminal trial. The issue is whether petitioner's court-appointed representation by counsel who was also a city attorney was *per se* ineffective. We hold that it was not and affirm.

In July, 1985, after a plea bargain, petitioner was sentenced to five years in the Oregon State Penitentiary for kidnapping in the second degree and sexual abuse in the first degree. He claims ineffective assistance of counsel, because his court-appointed lawyer was a city attorney for a small town within the county for three years before and for a short time during her representation of petitioner.

Petitioner relies primarily on *People v. Rhodes,* 115 Cal Rptr 235, 524 P2d 363 (1974), which he argues stands for the proposition that defense representation by a city attorney in the county in which the trial takes place automatically deprives a defendant of his constitutional right to effective assistance of counsel. The California Supreme Court concluded that "as a judicially declared rule of criminal procedure a city attorney with prosecutorial responsibilities may not defend or assist in the defense of persons accused of crime." 115 Cal Rptr at 239. The *Rhodes* court, however, expressly stated that it did not reach the general issue of whether the appointment of a city attorney to represent an indigent defendant is constitutionally impermissible. 115 Cal Rptr at 237. Moreover, the public policy on which *Rhodes* was based—recognizing the inherent necessity of a prosecutor to maintain a working relationship with the police upon which the prosecution must rely—is not factually applicable here. *Rhodes* notes that, if these "police officers are witnesses in a case in which a city attorney is acting as defense counsel, he might be reluctant to engage in an exhaustive or abrasive cross-examination of such officer even though such might be required." 155 Cal Rptr at 237. Here, however, the facts relating to petitioner's trial indicate that the case was simply an issue of credibility between petitioner and the victim. Even if the case had gone to trial, there are no facts indicating that the working relationship of petitioner's counsel with the police of the city which she represented would be threatened in any way by her conduct as defense counsel.

Petitioner also cites *Myhrvold v. Sullivan,* 40 Or App 349, 595 P2d 494, *rev den* 287 Or 149 (1979), where we said:

"Where there is an actual conflict of interest among co-defendants represented by a single attorney and the defendants have not waived their rights to effective assistance of counsel, reversal of their convictions is required even without a showing of prejudice." 40 Or App at 355.

*Myhrvold* is distinguishable as a joint representation case but, even if we were to apply its holding here, petitioner would have to show an actual conflict of interest, and he has failed to do that. *See also Cuyler v. Sullivan,* 446 US 335, 348, 100 S Ct 1708, 64 L Ed 2d 333 (1980).

The United States Court of Appeals for the Sixth Circuit has dealt with this issue several times and has expressly refused to adopt a rule that a city attorney is *per se* disqualified for appointment to represent an indigent criminal defendant. *Powell v. Bordenkircher,* 789 F2d 425 (6th Cir 1986); *Dawson v. Cowan,* 531 F2d 1374 (6th Cir 1976); *Harris v. Thomas,* 341 F2d 560 (6th Cir 1965). We share the Sixth Circuit's concern that

"the adoption of a *per se* rule might make it difficult or impossible to secure appointed counsel for indigent defendants in sparsely settled communities where there are few lawyers, and most or all of them may have some governmental affiliation." *Dawson v. Cowan, supra,* 531 F2d at 1376.

In such cases a city attorney may be the best qualified and most effective person available. Therefore, we reject a *per se* rule of disqualification and hold that each case must be considered on its own facts.

Because we reject a *per se* rule, the inquiry becomes whether petitioner has proven by a preponderance of the evidence that his counsel's performance was inadequate and ineffective. *Tarwater v. Cupp,* 304 Or 639, 748 P2d 125 (1988); *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981); *Boag v. State,* 44 Or App 99, 605 P2d 304 (1980). To do that he must identify errors made by counsel and must show a reasonable probability that the deficient performance prejudiced his defense. *Tarwater v. Cupp, supra,* 304 Or 639; *Krummacher v. Gierloff, supra,* 290 Or 867; *Dehart v. State of Oregon,* 55 Or App 254, 637 P2d 1311 (1981); *see also Strickland v. Washington,* 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674

(1984). There is nothing in the record indicating that his trial counsel was inadequate or in any way deficient.[1]

Affirmed.

---

[1] In fact, the record tends to show the opposite. Petitioner was initially charged with Kidnapping I, Attempted Rape I, Attempted Rape III, Sexual Abuse I, Sexual Abuse II, Driving While Under the Influence of Intoxicants and Driving While Suspended. His counsel was able to get all charges dismissed except Sexual Abuse I and to get the Kidnapping I charge reduced to Kidnapping II.