Argued and submitted June 27, affirmed October 26, reconsideration denied
December 23, 1988, petition for review denied January 31, 1989 (307 Or 340)

## LESLIE FRANK YEAGER,
*Appellant,*

*v.*

## MAASS,
*Respondent.*

## (87-C10800; CA A46885)

763 P2d 184

Paul J. De Muniz, Salem, argued the cause for appellant. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and Riggs, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner was convicted by a jury of first degree sodomy. He sought post-conviction relief, alleging ineffective assistance of counsel, because his trial counsel failed to present corroborating evidence of non-access to the victim during part of the period in question. The post-conviction court denied relief. We affirm.

The indictment alleged that petitioner sodomized his step-daughter between July 1 and September 1, 1982. Petitioner was indicted June 3, 1985. Relying on a Statute of Limitations defense, he admitted sexual contact with the victim, but contended that the contact was more than three years before indictment. Regarding the specific dates alleged, the trial court instructed the jury that the prosecution need only establish that the crime, if any, occurred within the three-year period before indictment. ORS 135.717.

The state questioned the victim about petitioner's sexual contact with her during that three-year period. She testified that, sometime in January, 1983, before she and her mother moved out of his house, petitioner forced her to have sexual relations with him. She also testified that petitioner sexually abused her "in about July, 1982 * * * I guess [on] a weekday." When asked later if she were sure that it was a weekday, she said that she was "pretty sure" but admitted that it could have been a weekend. On cross-examination, she testified that it was either a Saturday or a weekday. Concerning whether there were other incidents which occurred between those described, the victim stated that she was sure there were but could not remember specific details, because she had tried to block them out of her mind.

Petitioner denied any contact during the summer of 1982. In corroboration, defense counsel introduced petitioner's wage stubs and handwritten personal work diaries, which were kept for tax purposes. Those records establish that from May 12 to September 25, 1982, he was working in Heppner, about a six hour drive from the residence of the mother and the victim, according to defendant. Before trial, petitioner had advised defense counsel about the existence of employer records which could be obtained to corroborate his claim of non-access between those dates. Both sets of records show that, during that period, petitioner worked every day except

Sundays, Monday, July 5, September 6, and Saturday, September 25. Defense counsel never obtained or offered the employment records at trial.

The burden is on petitioner to show by a preponderance of the evidence that his counsel failed to exercise reasonable professional skill and judgment, that the failure denied him effective representation and that the alleged deficiencies prejudiced his defense. *Tarwater v. Cupp,* 304 Or 639, 748 P2d 125 (1988); *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981); *Dotta v. Keeney,* 90 Or App 327, 330, 752 P2d 328 (1988). We need not reach the issue of whether petitioner carried his burden with respect to the first requirement, because there is evidence to support the post-conviction court's finding that petitioner was not so prejudiced by defense counsel's failure to introduce the employment records as to entitle him to a new trial. Petitioner admitted that, after his job in Heppner ended in September, 1982, he did not work for a period in the winter of 1982-83 and that he was home during that time. Petitioner's wife did not move out with the victim until February 5, 1983. The victim specifically testified that he sexually abused her that January. Hence, the time records which petitioner insists were essential to his defense would not have negated that he had access to the victim for a substantial period during which, the jury could have found, he committed the alleged crime.

Our review in post-conviction proceedings is limited to questions of law. ORS 138.650; ORS 138.220. Our duty on appeal is to determine whether the facts that the post-conviction court found are supported by the record and whether its legal conclusion, that petitioner was not unfairly prejudiced by any of the complained of conduct by his attorney, is correct. *Miotke v. Gladden,* 250 Or 466, 468, 443 P2d 617 (1968); *Howe v. Cupp,* 55 Or App 247, 252, 637 P2d 933, *rev den* 292 Or 863 (1981). We conclude that it is.

Affirmed.