Submitted on record and briefs June 27, 1989, affirmed September 12, reconsideration denied November 28, 1990, petition for review denied February 19, 1991 (311 Or 166)

# STATE OF OREGON,
*Respondent,*

*v.*

# ALAN CHARLES VENET,
*Appellant.*

(87-CR-530; CA A48454)

797 P2d 1055

Alan Charles Venet, Williams, filed the brief *pro se* for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Newman, J., dissenting.

## RICHARDSON, P. J.

Defendant appeals his conviction for manufacturing a controlled substance, marijuana. ORS 475.992(1). He challenges the denial of his motion to suppress evidence and the court's rulings on his affirmative defenses. We affirm.

Officers entered defendant's land and seized 28 growing marijuana plants during the execution of a search warrant. The affidavit supporting the search warrant states, in pertinent part:

"On 07-21-87, I [affiant] was flying over the Tetherow Road, Williams area of Josephine County; I can further indicate that this is an F.A.A. regulation five hundred (500) feet minimum height flight area and that I flew at an altitude of more than five hundred (500) feet above the ground, to wit: 2,500 feet above sea level and that while so doing I observed with my naked eye what appeared to me to be growing marijuana plants."

Defendant moved to controvert the affidavit in one particular. He contended that the aircraft was below 500 feet when it was above his property and that the affiant lied when he averred that he saw the marijuana from an altitude above the FAA minimum of 500 feet. Defendant attached a number of affidavits to his motion to the effect that each affiant saw the aircraft fly lower than 500 feet. He moved to suppress the evidence on the ground that the statement that the aircraft was flying above 500 feet "to wit: 2500 feet" was an intentional misstatement that voids the warrant. The trial court ruled:

"The altitude at which the airplane in the instant case flew is irrelevant to the reasonableness of the search; for sake of this motion the Court presumes, without having heard testimony on this issue, that the affidavits filed by Defendant's witnesses are true; the State does not concede this as the State was prepared to offer contradictory testimony."

On appeal, defendant contends that the court erred by denying the motion to controvert the affidavit and, additionally, argues that the fly-over was an unlawful search, because the flight was not casual, but a purposeful search without probable cause or a warrant. In response to the second contention, the state notes that defendant did not raise that issue below. Because the issue was not raised below, we decline to address it. ORAP 5.45(2); *State v. Hitz,* 307 Or 183, 766 P2d

373 (1988); *Tarwater v. Cupp,* 304 Or 639, 748 P2d 125 (1988); *Cooper v. Eugene Sch. Dist. No. 4J,* 301 Or 358, 723 P2d 298 (1986), *appeal dismissed* 480 US 942 (1987). The sole basis of his motion to suppress was the controversion of the alleged altitude of the aircraft.

■    The substance of defendant's first contention is that, under "Federal case law * * * 'if affiant intentionally makes false statements to mislead a judicial officer on application for a warrant, these falsehoods render the warrant invalid regardless of whether or not such statements are material to establishing probable cause.' " He cites *United States v. Hunt,* 496 F2d 888, 894 (5th Cir 1974), and *United States v. Thomas,* 489 F2d 664 (5th Cir 1973), *cert den* 423 US 844 (1975). ORS 133.693 and the Fourth Amendment do not require that a search be invalidated on account of any and every intentionally false statement in an affidavit. There is a measure of discretion left to the court to determine if the intentionally misstated facts in the affidavit were inserted to mislead the magistrate to whom the warrant application was made.

Here, the court assumed the truth of the controverting affidavits that defendant submitted and concluded that the altitude of the airplane was not material. In response to defendant's argument that, if the averment was incorrect, it was intentional, the court implicitly found the affidavit not to be *intentionally misleading.* The court correctly held that whether the aircraft was flying over defendant's property above or below an FAA-mandated minimum altitude is not determinative of whether the fly-over violated the Fourth Amendment. *See State v. Davis,* 51 Or App 827, 627 P2d 492, *rev den* 291 Or 368 (1981); *see also Florida v. Riley,* 488 US 445, 109 S Ct 693, 102 L Ed 2d 835 (1989). The court properly denied the motion to controvert and to suppress the evidence.

Defendant filed a notice of intent to rely on three affirmative defenses. The first was based on the Ninth Amendment; the second, on the Free Exercise Clause of the First Amendment; and the third, on ORS 475.125(3). The first and third defenses were stricken before trial, and the second was denied after all the evidence was presented by both parties. Three of defendant's assignments of error relate to those rulings.

The defense based on the Ninth Amendment has no arguable merit, and we need not discuss it further.

■■ In the second defense, defendant claims that his use and, inferentially, his growing and possessing marijuana is for a religious purpose and is protected by the First Amendment.[1] He presented evidence that he is an ordained minister of the Universal Industrial Church of the New World Comforter and contends that consumption of marijuana is a sacrament of the church. He presented evidence about the role that marijuana plays in church ceremonies.[2] The court properly rejected the defense. Defendant's conviction for manufacturing marijuana does not violate his rights under the First Amendment. *Employment Div. v. Smith,* 494 US ___, 110 S Ct 1595, 108 L Ed 2d 876 (1990).

The third defense is based on ORS 475.125:

"(3) The following persons need not register and may lawfully possess controlled substances * * *:

"* * * * *

"(c) An ultimate user or a person in possession of any controlled substance pursuant to a lawful order of a practitioner or in lawful possession of a Schedule V substance, unless otherwise prohibited."

Defendant argues that he is an "ultimate user" and may lawfully possess marijuana. He contends that the term "ultimate user," followed by the conjunctive "or," is not modified by the reference to an order of a practitioner or lawful possession of the substance. We disagree. The definition of ultimate user includes lawful possession. Defendant did not show that he had lawful possession of the marijuana, and the court correctly struck the statutory defense.

Affirmed.

---

[1] Defendant does not contend that his growing, possessing or using marijuana is protected by the state constitution. He was charged only with the manufacture of marijuana. We assume, but do not decide, that the manufacture, possession and use of marijuana can be equated for the purposes of analyzing defendant's First Amendment contentions.

[2] Defendant was convicted of manufacturing a controlled substance, marijuana, by growing it on his property. He was not convicted of its possession. He argued that he grew it only for the use by himself and other church members.

**NEWMAN, J.,** dissenting.

The majority states that defendant did not raise below the issue of whether the flyover was a purposeful search that violated Article I, section 9. During the omnibus hearing, defendant questioned the lawfulness of the aerial observation and explicitly cited Article I, section 9, as authority. On appeal, defendant claims that the flyover violated Article I, section 9. Both below and here, defendant did enough to raise the issue.

To bolster its refusal to consider defendant's position respecting the flyover, the majority cites *State v. Hitz,* 307 Or 183, 766 P2d 373 (1988). That case, however, does not support the majority. In *Hitz,* the court stated:

> "We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument.* * * * The first ordinarily is essential, the second less so, the third least." 307 Or at 188. (Emphasis in original.)

At the omnibus hearing, defendant raised the *issue* by challenging the flyover as an unlawful search. Moreover, he identified the *source* of his position as Article I, section 9. He did not make the particular *argument* below that he makes here—that a police aerial observation is a search under Article I, section 9, if it is a purposeful effort to see activities on a person's land. Defendant, however, did enough. Although he did not make the particular argument, his omission is not surprising (and should not be fatal). This court had not yet decided *State v. Ainsworth,* 95 Or App 240, 770 P2d 58, *rev allowed* 308 Or 158 (1989). As of this writing the Supreme Court has not decided it either. The majority should address the merits of defendant's argument.

Turning to the merits, a police aerial observation is a search under Article I, section 9, if it is a purposeful effort to see activities on a person's land. *State v. Ainsworth, supra,* 95 Or App at 245. The state argues that defendant failed to show that the affiant's observations were the result of a purposeful effort. Because the initial observation was made without a warrant, however, the state has the burden to show that the information in the warrant was legally obtained. ORS 133.693(4). It failed to show that the aerial observation was

not a purposeful effort to see what was on defendant's land. *See State v. Nevler,* 95 Or App 694, 770 P2d 956 (1989).

The majority errs when it affirms the trial court's denial of the motion to suppress.

I dissent.