967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry Lee TODD, Petitioner-Appellant,
v.
Manfred MAASS, Respondent-Appellee.
 No. 91-35308.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Lee Todd, an Oregon state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for first degree robbery. Todd contends that the state trial court denied him a fair trial by (1) denying his motion to sever his trial from the trial of his codefendant and (2) refusing to dismiss a defective indictment. He also contends that the district court erred by refusing to permit him to withdraw three procedurally defaulted claims without prejudice and subsequently dismissing those claims with prejudice based on the finding that he did not establish cause and prejudice for the procedural default. We have jurisdiction under 28 U.S.C. § 2253.[1] We review de novo, Evans v. Lewis, 855 F.2d 631, 633 (9th Cir.1988), and affirm.
 
 
 3
 * Joint Trial
 
 
 4
 Todd contends that the district court erred by denying his claim that he was denied a fair trial because he was "tried jointly with a codefendant who had confessed to the crime when codefendant would not appear as a witness and defendant expected to testify."
 
 
 5
 "[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson v. Marsh, 481 U.S. 200, 211 (1987) (refusing to extend holding of Bruton v. United States, 391 U.S. 123 (1968)).
 
 
 6
 Here, Beierle's confession was edited to eliminate any reference to Todd, and the jury was instructed as follows:
 
 
 7
 Although the defendants have been tried together, you must consider the case against each separately. In doing so you must decide what the evidence shows as to each defendant without considering any evidence that may have been received solely against some other defendant or defendants. Each defendant is entitled to have the case decided on the evidence and on the law applicable to that defendant.
 
 
 8
 Accordingly, the district court did not err by denying Todd's claim regarding the joint trial. See Richardson, 481 U.S. at 211.
 
 II
 Indictment
 
 9
 Todd also contends that the district court erred by denying his claim that there was a fatal variance between the indictment and the evidence presented at trial. The indictment charged that Todd and Beierle robbed Arnold DeClue. The evidence presented at trial, however, showed that although DeClue was present, money actually was taken from Yong Kim, a different victim.
 
 
 10
 A variance between the indictment and the proof does not require reversal of a conviction unless the defendant's substantial rights are affected. United States v. Alvarez, No. 90-50298, slip op. 3191, 3198 (9th Cir. March 31, 1992); United States v. Von Stoll, 726 F.2d 584, 587 (9th Cir.1984) (no effect on defendant's substantial rights where indictment charged that defendant took money from one person, but proof showed that he took it from another, because "[t]he identity of the defrauded person is irrelevant to a conviction under 18 U.S.C. § 2314").
 
 
 11
 Here, the trial court interpreted Or.Rev.Stat. § 164.395(1) to prohibit the use or threat of force against any person to prevent resistance to the taking of property; it found that the statute did not protect only the owner of the property. The federal courts are bound by the state's interpretation of its own laws. Gentry v. MacDougall, 685 F.2d 322, 323 (9th Cir.1982). Accordingly, Todd's contention lacks merit. See Von Stoll, 726 F.2d at 587.[2]
 
 III
 Procedural Default
 
 12
 Todd contends that the district court erred by refusing to permit him to withdraw three procedurally defaulted claims without prejudice and subsequently dismissing those claims with prejudice based on the finding that he did not establish cause and prejudice for the procedural default.
 
 
 13
 As a matter of comity, a federal court normally will not consider a habeas petition unless the petitioner has exhausted available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 521 (1982). To exhaust state remedies, the petitioner must fairly present his claims to the highest state court, and that court must have the opportunity to dispose of them on the merits. Castille v. Peoples, 489 U.S. 346, 351 (1989); Hayes v. Kincheloe, 784 F.2d 1434, 1437 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987). In Oregon, a claim is not fairly presented to the Oregon Supreme Court if it was not earlier presented to the Oregon Court of Appeals. Tarwater v. Cupp, 304 Or. 639, 644 n. 5, 748 P.2d 125, 128 n. 5 (1988) (the Oregon Supreme Court will consider only claims properly raised in the court of appeals). If a petitioner once could have raised a claim in state court but did not and is now barred from doing so by a state rule of procedure, then the petitioner has procedurally defaulted on the claim. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). If he cannot show cause for the procedural default and prejudice from the alleged constitutional violation, then the habeas petition will be dismissed. Murray v. Carrier, 477 U.S. 478, 485 (1986); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1986).
 
 
 14
 Todd raised the following three claims in his federal habeas petition. First, he claimed that his confrontation clause rights were violated when, in closing argument, Beierle's attorney became in effect a witness against Todd. Todd raised this claim in the Oregon Supreme Court, but he did not raise it in the Court of Appeals. The Oregon Supreme Court's decision was as follows: "The Court has considered the petition for review and ORDERS that it be denied." Second, Todd claimed that after the robbery, the police made an improper vehicle stop, violating his rights under the fourth amendment. He raised this claim in the Oregon Court of Appeals but did not raise it in the Supreme Court. Third, the district court construed one of Todd's filings as raising a claim of ineffective assistance of appellate counsel. Todd did not raise this claim in any state court.
 
 
 15
 Todd failed to exhaust state remedies as to these three claims, see Castille, 489 U.S. at 351; Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir.1983) (in Oregon, a claim of ineffectiveness of appellate counsel may be raised only in a petition for post-conviction relief pursuant to Or.Rev.Stat. §§ 138.510-138.680), and they are procedurally defaulted, see Or.Rev.Stat. § 138.510(c) (petition for post-conviction relief must be filed within 120 days of date appeal is final in Oregon appellate courts); Tacho, 862 F.2d at 1378.
 
 
 16
 On January 4, 1991, the district court granted Todd eleven days to show cause and prejudice for the procedural default of the three claims. Instead of attempting to establish cause and prejudice, Todd filed a motion to withdraw the claims without prejudice on January 10, 1991. On January 15, 1991, the district court granted the motion to withdraw with prejudice and entered final judgment. On reconsideration, the district court ruled that because claims found procedurally defaulted are decided on the merits for the purposes of the successive petition doctrine, the claims would be considered withdrawn with prejudice unless Todd established cause and prejudice within eleven days.
 
 
 17
 The successive petition doctrine requires the courts to give controlling weight to the denial of a previous habeas petition if " '(1) the same ground presented in the subsequent application was determined adversely to the appellant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.' " Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir.1990) (quoting Sanders v. United States, 373 U.S. 1, 15 (1963)); see also Rule 9(b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "[T]he dismissal of a federal habeas petition on the ground of state procedural default is a determination 'on the merits' for the purposes of the successive petition doctrine." Howard, 905 F.2d at 1323.
 
 
 18
 Here, the January 4 order did not finally "determine" Todd's three claims because it granted him time to establish cause and prejudice for the procedural default. See id. at 1321. If Todd had been permitted to withdraw the claims and later raised them in a second habeas petition, they would be new claims possibly subject to the defense of abuse of the writ. See Rule 9(b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Neither this potential defense nor the successive petition doctrine required the district court to dismiss the claims with prejudice. See Howard, 905 F.2d at 1323.
 
 
 19
 Nonetheless, district courts have inherent power to manage their dockets. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990). Accordingly, once the district court ruled that the claims were procedurally defaulted, it had authority to order Todd to establish cause and prejudice rather than permit him to withdraw the claims without prejudice. See id.; cf. Rose v. Lundy, 455 U.S. 509, 520 (1982) (petitioners who file mixed petitions containing both exhausted and unexhausted claims are entitled to withdraw the petition in order to exhaust the remainder of their claims or resubmit a petition with only exhausted claims). We therefore must decide whether the district court erred by finding that Todd did not establish cause and prejudice.
 
 
 20
 Todd contends that his appellate attorney's incompetence establishes cause for the procedural default. In district court he also contended that the Oregon Court of Appeals' refusal to accept his pro se supplemental brief established cause.
 
 
 21
 "The exhaustion doctrine ... generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray, 477 U.S. at 488-89. Moreover, Todd did not point to any argument regarding Beierle's attorney's closing argument in his rejected pro se brief. Accordingly, the district court did not err by finding that Todd did not establish cause and prejudice for the procedural default of the confrontation clause claim. See id. at 485; Hughes, 800 F.2d at 906-08.
 
 
 22
 Todd himself was responsible for the contents of his pro se petition for review by the Oregon Supreme Court; accordingly, his contentions lack merit as to the fourth amendment claim, which was raised in the Oregon Court of Appeals but not in the Oregon Supreme Court. The district court therefore did not err by finding that Todd did not establish cause and prejudice for the procedural default of this claim. See Murray, 477 U.S. at 485; Hughes, 800 F.2d at 906-08.
 
 
 23
 Todd's contentions also fail to address his failure to raise the ineffective assistance of counsel claim in any state court. Accordingly, the district court did not err by finding that he did not establish cause and prejudice for the procedural default of this claim. See Murray, 477 U.S. at 485; Hughes, 800 F.2d at 906-08.[3]
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Todd's notice of appeal of February 14, 1991, was premature because the district court's non-final order of February 8, 1991, granted him 11 days to show cause and prejudice for the procedural default of some of his claims. However, because Todd failed to respond within 11 days, the February 8 order became final and appealable on February 19. See Lynch v. City of Alhambra, 880 F.2d 1122, 1124 (9th Cir.1989) (plaintiff's failure to cure deficiency in complaint within period provided by district court converted dismissal order to final, appealable order of dismissal with prejudice). The final disposition of the action on February 19 cured the earlier premature appeal. See In re Eastport Assoc., 935 F.2d 1071, 1075 (9th Cir.1991) (entry of final judgment cures premature appeal). Accordingly, we have jurisdiction to consider Todd's appeal
 
 
 [2]
 Todd does not challenge on appeal the district court's denial of his additional claim that he was denied a fair trial because the trial court did not admit Beierle's written statement that Todd was innocent
 
 
 [3]
 After filing his notice of appeal, Todd filed a late response to the district court's order granting 11 days to show cause and prejudice for the procedural default. The response does not make any new contentions regarding cause and prejudice. Accordingly, even if the district court had considered the response, its ruling would not have changed