54

Argued and submitted February 23, affirmed March 18, 1998

CITY OF EUGENE,
*Appellant,*

*v.*

JIGGLES TAVERN & GRILL,
JJ's Tavern & Fine Foods, Jo Federigo's
Kowloon Restaurant, Luckey's Club Cigar,
Lyon's Restaurant, Moose Lodge #668-Eugene,
Original Joe's Overtime Tavern, Perry's Rest Inc.,
Rascals, Red Rooster, Relief Pitcher Tavern,
Rich's Dug Out, Roundhouse Pizza, Sam's Place,
Senor Frog's, Sher's Tavern, Shooter's Pub & Grill,
Side Pocket Tavern, Silver Dollar Club,
Sixth Street Grill, Southtowne Lanes, Southtowne Pub,
The Cooler Tavern, The Embers, The Grill Food & Spirits,
The Keg Tavern, The Old Pad, The Other Place,
The Tiny Tavern, Treehouse Restaurant, Bliss Steakranch,
Brew and Cue Tavern, Doc's Pad, Elk's Lodge #357-Eugene,
Emerald Lanes, Fairfield Lanes, Firs Bowl,
Fitzpatrick's Tavern, Good Times Cafe,
Great Alaska Bush Co., Guido's Restaurant,
Holiday Inn, Howdy Pardner Tavern,
Jasper's Deli & Gourmet,
*Respondents,*

*and*

LAND O'GOSHEN TAVERN,
LB's Carrousel, Prairie Schooner Bar, Road House,
Stone Creek Cafe & Saloon, Taylor's College Side Inn,
Teddy Bear Pizza, Tom's Tapper Tavern,
Club Wash, Eagles #275-Eugene,
*Defendants.*

(16-95-05523; CA A95558)

954 P2d 857

Judith Giers argued the cause for appellant. On the briefs were William F. Gary, Arden J. Olson and Harrang Long Gary Rudnick P.C.

Michael Mills argued the cause for respondents Bliss Steakranch, Brew and Cue Tavern, Doc's Pad, Elk's Lodge #357-Eugene, Emerald Lanes, Firs Bowl, Fitzpatricks Tavern, Good Times Cafe, Great Alaska Bush Co., Guido's Restaurant, Holiday Inn, Howdy Pardner Tavern, Jasper's Deli & Gourmet, Jiggles Tavern & Grill, JJ's Tavern & Fine Foods, Jo Federigo's, Kowloon Restaurant, Luckey's Club Cigar, Lyon's Restaurant, Moose Lodge #668-Eugene, Original Joe's Overtime Tavern, Perry's Rest Inc., Red Rooster, Relief Pitcher Tavern, Rich's Dug Out, Roundhouse Pizza, Sam's Place, Senor Frog's, Sher's Tavern, Shooter's Pub & Grill, Side Pocket Tavern, Silver Dollar Club, Sixth Street Grill, Southtowne Pub, The Cooler Tavern, The Embers, The Grill Food & Spirits, The Keg Tavern, The Old Pad, The Other Place, The Tiny Tavern and Treehouse Restaurant (Oregon Restaurant Association). With him on the brief was Mills & McMillin.

William N. Kent waived appearance for respondent Rascal's Tavern.

Terrance J. Hammons and Hammons, Mills & Spickerman waived appearance for respondents Fairfield Lanes and Southtowne Lanes.

Before Riggs, Presiding Judge, and Deits, Chief Judge,* and Landau, Judge.

RIGGS, P. J.

---

* Deits, C. J., *vice* Leeson, J., resigned.

**RIGGS, P. J.**

Plaintiff City of Eugene (City) initiated this action for declaratory relief concerning the enforceability of its tax on earnings from video poker machines. In early 1995, the City enacted an ordinance imposing a 10 percent tax on the earnings from video poker machines within the city limits. That tax went into effect on April 4, 1995. Shortly thereafter, the legislature passed Senate Bill 328, codified in part at ORS 461.560. That statute prohibits cities, counties and other political subdivisions of the state from imposing or collecting taxes on the earnings of video poker machines. That statute went into effect on September 8, 1995.

The present case arises from the City's efforts to collect the tax imposed under its ordinance between the effective date of the ordinance, April 4, 1995, and the effective date of the law, September 8, 1995. The City argues that the legislature did not intend to retroactively preempt its ordinance, and alternatively argues that if the legislature did intend to do so, retroactive preemption violates the home rule provisions of the Oregon Constitution.[1] Or Const, Art IV, § 1(5) and Art XI, § 2. Defendants are owners of establishments that received bills for taxes accruing under the ordinance between April 4 and September 8, 1995, but did not pay those bills. Defendants have taken the position that the tax may not be collected. On cross-motions for summary judgment, the trial court ruled that the legislature retroactively preempted the ordinance, and that such retroactive preemption did not violate the home rule provisions of the Oregon Constitution. For the reasons that follow, we affirm.

■ Before addressing the merits of the parties' arguments concerning retroactivity, we must first decide whether the City has presented us with "an actual factual setting that makes such a decision necessary." *Stevens v. City of Cannon Beach*, 317 Or 131, 147, 854 P2d 449 (1993), *cert den* 510 US 1207, 114 S Ct 1332, 127 L Ed 2d 679 (1994) (citation and internal quotation marks omitted). For the following reasons, we conclude that the factual setting of this case does not

---

[1] The City does not challenge the authority of the legislature to enact the law in question.

make it necessary for us to determine whether the legislature intended to retroactively preempt the City's imposition of the tax in question between April 4 and September 8, 1995.

Section 1 of Senate Bill 328 (1995) added the following provision to ORS 461.560:

> "A city, county or other political subdivision in this state may not impose, by charter provision or ordinance, or collect a tax that is imposed on lottery game retailers only and that is measured by or based upon the amount of the commissions or other compensation received by lottery game retailers for selling tickets or shares in lottery games. However, if a city, county or other political subdivision levies or imposes generally on a nondiscriminatory basis throughout the jurisdiction of the taxing authority an income, gross income or gross receipts tax, as otherwise provided by law, such tax may be levied or imposed upon lottery game retailers."

Section 2 Senate Bill 328 (1995) further provided that the above-quoted statutory amendment "do[es] not apply to any tax if the charter provision or ordinance imposing the tax is in effect and operative prior to February 28, 1995."

The City argues that Senate Bill 328 (1995) was not intended to operate retroactively, and that the provision in Section 2 of the bill is a standard "grandfather" clause rather than a retroactivity provision. The City argues that Section 2 cannot be construed as prohibiting a city from imposing a tax after February 28, 1995, but before the effective date of Senate Bill 328. Defendants respond that the trial court correctly concluded that Section 2 of the act applied retroactively to invalidate the City's tax.

■ We need not reach those arguments concerning the meaning of Section 2 and whether or not it prohibits imposition of a video poker tax between April 4 and September 8, 1995, because we agree with defendants that Section 1 of the bill simply prohibits the City from collecting such a tax after September 8, 1995, in any event.[2] As noted above, defendants

---

[2] Although defendants made this argument in its cross-motion for summary judgment, the trial court did not base its decision on this ground. However, this court may affirm a trial court's ruling if it is correct on any ground. *See, e.g., Tarwater v. Cupp*, 304 Or 639, 644 n 5, 748 P2d 125 (1988) (citing cases).

in this case are retail establishments that were billed but did not pay the tax. As of September 8, 1995, Section 1 of Senate Bill 328 (1995) declares that "*a city * * * may not* impose, by charter provision or ordinance, or *collect a tax that is imposed on lottery game retailers*[.]" The City did not, in fact, collect the tax imposed on defendant lottery game retailers before the effective date of the statute. We reject without further discussion the City's contention that it "collected" the taxes in question by billing defendants for them; a tax that has not been paid has not been collected. Therefore, we need not address the question whether the legislature intended to pre-empt the *imposition* of the City's tax between April 4 and September 8, 1995. Regardless of whether the City could *impose* the tax between those dates, it could not *collect* the tax after September 8, 1995. Because the City does not argue that the provision of Section 1 barring the collection of taxes on video poker machines after September 8, 1995, violates the home rule provisions of the Oregon Constitution, we need not address the parties' constitutional arguments.

Affirmed.