Argued and submitted June 19, reversed December 20, 1989, reconsideration denied February 9, petition for review denied March 27, 1990 (309 Or 521)

ALBERT JOHNSON,
*Respondent,*

*v.*

MAASS,
*Appellant.*

(87-C-12123; CA A50208)

784 P2d 107

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ken L. Betterton, Salem, argued the cause for respondent. With him on the brief was Swaim & Betterton, P.C., Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals a judgment granting petitioner post-conviction relief in the form of a new trial on three counts of first degree rape. ORS 138.520. The court held that he had not had effective assistance of counsel in that his attorney inadequately investigated and presented an alibi defense at his criminal trial and failed to confer sufficiently with petitioner about the case in preparation for trial. The state contends that petitioner's counsel's performance was not constitutionally ineffective. We reverse.

Petitioner and his brother, Kevin, were indicted on several counts of rape and sodomy on the basis of allegations by a woman acquaintance of Kevin's. The crimes occurred at the home of petitioner's father. An attorney was appointed to represent petitioner on the charges involved in this proceeding. He told that attorney that he, his brother and the woman were in his father's house but that no sexual activity of any nature had occurred. Petitioner and his family then retained attorney Haslett to represent him. Haslett first talked to Kevin, who told him the same story that petitioner had told his first attorney. Haslett's first conference with petitioner occurred sometime later, just before a pretrial conference with the prosecutor. Petitioner had been in custody on unrelated charges since before the indictment was returned. Haslett testified that petitioner told him that he was not at his father's place with the woman and Kevin, but was either at his girlfriend's house or with his grandmother. Haslett testified that petitioner gave him no other information regarding the incident.[1] At that time, Kevin was in hiding and probably had absconded from the state.

Haslett defended against the criminal charges on the ground that the victim's testimony and the medical evidence did not show that any sexual assault had taken place. Petitioner testified in the criminal trial, in response to Haslett's question, that he was not present when the assault was alleged to have occurred. No other evidence was presented respecting an alibi. He was convicted on three counts of rape in the first

---

[1] Petitioner testified at the post-conviction trial that he told Haslett that he was there but that neither he nor his brother had had any sexual contact with the woman. He testified that Haslett told him to lie and to testify that he was not there. The post-conviction court found Haslett's version to be correct.

degree, and the convictions were affirmed on appeal. *State v. Johnson,* 82 Or App 551, 728 P2d 977, *rev den* 302 Or 461 (1986). Kevin was acquitted of all charges in a subsequent trial.

Petitioner raised a number of allegations concerning competence of counsel. The court found only two of the claims in petitioner's favor and granted a new trial on the ground that counsel had been ineffective under both the state and federal constitutions in that:

"Counsel failed to adequately and sufficiently confer with petitioner about petitioner's case and counsel's preparation, and counsel failed to adequately investigate and present the alibi defense at trial."

To establish constitutionally defective representation, a petitioner must show, by a preponderance of the evidence, that counsel did not exercise reasonable professional skill and judgment and that that failure prejudiced the defense. *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981); *Yeager v. Maass,* 93 Or App 561, 763 P2d 184 (1988), *rev den* 307 Or 340 (1989). We review to determine whether the court's conclusions are supported by the facts found and are legally correct. *Howe v. Cupp,* 55 Or App 247, 637 P2d 933 (1981), *rev den* 292 Or 863 (1982).

In granting relief, the trial court primarily focused on Haslett's failure to investigate and to present the alibi defense more fully. Petitioner testified at the post-conviction trial that he was there and that his criminal trial testimony to the contrary was a lie. Even if we were to accept the court's finding that Haslett did not exercise reasonable skill in relation to the alibi, there is no basis to conclude that petitioner's defense was prejudiced. The defense of alibi, however presented, was based on false information that petitioner gave his attorney. We will not rest post-conviction relief on those circumstances.

Petitioner argues that, even if there was no alibi defense actually available, if his counsel had fully investigated the alibi he would have discovered the truth and that would have "led to a more effective defense." He does not suggest a defense that could have been developed that would likely have changed the result of the criminal trial.

We conclude that the trial court erred in concluding

that petitioner did not have constitutionally adequate representation and that that prejudiced his defense.[2]

Reversed.

---

[2] For the purposes of analyzing counsel's performance, we treat the relevant state and federal constitutional mandates the same. *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981).