CHRISTOPHER P. MURPHY,
*Appellant,*

*v.*

Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(91-C-10032; CA A75118)

857 P2d 890

Gary D. Babcock, Salem, argued the cause and filed the brief for appellant.

Robert R. Graves, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Petitioner appeals from a judgment denying his petition for post-conviction relief in which he alleges that he was denied effective assistance of trial counsel under Article I, section 11, of the Oregon Constitution and under the Sixth and Fourteenth Amendments to the United States Constitution. We affirm.

Petitioner was convicted for selling unregistered securities without a license. He was represented at trial by private counsel. After being convicted, he retained counsel to appeal his convictions. Petitioner agreed with counsel that the direct appeal should only address pretrial issues. Because of this agreement and petitioner's request to keep costs down, counsel did not order the trial transcript. Counsel filed an appellant's brief for petitioner which was stricken at petitioner's request. Petitioner then discharged counsel and represented himself on appeal. He filed his own brief, which addressed the same issues contained in counsel's brief. We affirmed the convictions without opinion. *State v. Murphy*, 100 Or App 552, 787 P2d 1313, *rev den* 310 Or 195 (1990). Petitioner filed this petition for post-conviction relief, which was denied.

■   Petitioner claims that he is entitled to a delayed appeal because he is indigent and counsel did not advise him of his right to a court-appointed attorney or the right to obtain a free copy of the trial transcript. We review for questions of law appearing on the face of the record. ORS 138.220; *Yeager v. Maass*, 93 Or App 561, 564, 763 P2d 184 (1988), *rev den* 307 Or 340 (1989). ORS 138.550(2) provides that if petitioner was not represented by counsel during the direct appeal because of lack of funds and failure of the court to appoint an attorney, then he may raise issues here that were not asserted on direct appeal.[1] Petitioner's lack of

---

[1] ORS 138.550(2) provides, in part:

"When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by defendant in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. *If petitioner was not represented by counsel in the direct appellate review proceeding, due to lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding,* any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the

representation by an attorney during direct appeal was not because he lacked funds, but rather because he discharged counsel. Even if we accept petitioner's premise that he was indigent, petitioner did not request representation. If petitioner was eligible for a court-appointed attorney and a free transcript, it was incumbent upon him to request them. *See* ORS 138.500(1).[2]

■ Petitioner also asserts that counsel failed to tell him he could have a court-appointed attorney and a free transcript. Counsel testified that he had no idea that petitioner was indigent, because petitioner had been able to pay his legal fees. Petitioner's failure to request the appropriate assistance cannot be blamed on the court or prior counsel. *See Hosley v. Cupp*, 39 Or App 451, 453, 592 P2d 1036 (1979). Petitioner has not met the threshold requirements of ORS 138.550(2). We, therefore, do not reach the issues he raises on appeal. The post-conviction court did not err in holding that petitioner was not deprived of effective assistance of counsel.

Affirmed.

---

appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680 * * *." (Emphasis supplied.)

[2] ORS 138.500(1) provides, in part:

"(1) If a defendant in a criminal action or a petitioner in a proceeding pursuant to ORS 138.510 to 138.680 wishes to appeal from an appealable adverse final order or judgment of a circuit court or district court and if such person is without funds to employ suitable counsel possessing skills and experience commensurate with the nature and complexity of the case for the appeal, the person may request the circuit court or district court from which the appeal is or would be taken to appoint such counsel to represent the person on appeal. * * *"