Argued and submitted August 15, 1990, reversed and remanded with instructions to enter a judgment ordering a new trial April 17, 1991

LISA GAY MELLEM,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(A8901-00611; CA A62515)

809 P2d 1348

Stephen A. Houze, Portland, argued the cause and filed the brief for appellant.

John Reuling, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks post-conviction relief from her conviction of forgery in the first degree, contending that she was denied her right to adequate representation. The trial court denied relief, and she appeals. The sole issue is whether her appointed trial counsel provided her constitutionally adequate representation. We reverse.

The post-conviction court did not make discrete oral or written findings of fact, but the evidence presented at the post-conviction trial was essentially undisputed. Petitioner was arrested July 22, 1987, at a bank, after presenting a check made out to her on the account of a restaurant and signed "W. L. Gene." The check blank had been stolen from the restaurant, and the maker's signature was a forgery. Petitioner testified at her criminal trial that, earlier that day, she had encountered a female acquaintance, Jan, whom she had not seen for about a year. Jan offered to pay petitioner $30 that she owed her by giving her a check. Petitioner agreed and accompanied Jan to a nearby hotel where they met a man, known to petitioner only as Pancho, who made out the check for $198.32 and signed as the maker. The three of them then went to the bank where petitioner endorsed the check and presented it to a teller who recognized it as stolen. The police were called, and petitioner was arrested.

Petitioner told the arresting officer about Jan and Pancho and that she did not know that the check had been stolen or that it was forged. The officer noted in his arrest report that a man who fit the description that petitioner had given him of Pancho was standing by petitioner's car in the bank parking lot. At trial petitioner was the only witness in her defense.

Trial counsel testified by deposition in the post-conviction proceeding. He said that his theory of defense was to convince the jury that petitioner did not know that the check was stolen or forged. He agreed that petitioner's credibility was critical to that defense. He testified that he spent about 4.2 hours in preparation of the case, including travel time, appearance at arraignment and a pretrial conference with the prosecutor. He did not interview or call witnesses that petitioner told him would be good witnesses as to her credibility and did not attempt to locate either Jan or Pancho.

Trial counsel's representation was inadequate, petitioner contends, because

"[he] spent a mere 4.2 hours on the petitioner's case. During those four hours, counsel did not interview any witness that might have attested to the petitioner's credibility nor did he present such witnesses at trial. He made no attempt to locate or interview the two witnesses in the case capable of verifying the petitioner's story. Trial counsel did not interview the state's witnesses prior to conducting his cross-examination at trial and, as a result, elicited highly prejudicial testimony from an investigating officer. Finally, the trial counsel did not prepare the petitioner for her own testimony, either by discussing the procedure or in refining the substance of her testimony."

■    The burden is on petitioner to establish by a preponderance of the evidence specific instances of conduct of trial counsel that demonstrate an absence or suspension of professional skill and judgment that prejudiced her defense. *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981); *Dotta v. Keeney,* 90 Or App 327, 752 P2d 328, *rev den* 306 Or 155 (1988). The standard of constitutionally adequate performance, the court in *Krummacher* held, must of necessity be general and flexible:

"In other words, if counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer in the name of the constitution, but neither will the court ignore decisions made in the conduct of the defense which reflect an absence or suspension of professional skill and judgment." 290 Or at 875-76.

Under that duty of representation, the court said that

"counsel must investigate the facts and prepare himself on the law to the extent appropriate to the nature and complexity of the case so that he is equipped to advise his client, exercise professional judgment and represent the defendant in an informed manner." 290 Or at 875.

■■    The state argues, and trial counsel testified, that his choice not to look for Jan or Pancho was a reasonable tactical decision, because it was doubtful that they could be located; if located, they would likely refuse to testify; if they testified, they would not be believable. Reasonable tactical decisions generally cannot be made without some investigation or research. The decision not to call a witness or to put on certain

evidence is, in the abstract, a tactical decision; but that characterization is not a complete answer to the question of adequate representation. A tactical decision must have some kind of factual predicate. Consequently, professional skill requires at least an attempt to find out the facts before a final tactical decision is made.

Trial counsel testified that he had, in the past, used private investigators to locate witnesses and also knew how to obtain public funds for indigent clients to carry out investigations. There was no attempt to obtain funds or to do any investigation of petitioner's story. Without some attempt to locate the witnesses, we cannot accept counsel's conclusion that they could not be found. Petitioner presented the testimony of a private investigator at the post-conviction trial who said that, even with the sparse information about Jan and Pancho, they could have been located, if the search had been made close to the time that the crime occurred.

It may well have been true, after investigation, that the people could not have been located or, if found, that their value to the defense would have been as counsel speculated that it would be. However, his conclusions were not based on any investigation but on generalizations about human conduct. We decline, in this case, to accept those generalizations as an adequate basis for decisions about representing petitioner. We do not hold that hiring an investigator, or trying to locate all witnesses that the client identifies, is required in representing an accused. However, in this case, Jan's and Pancho's participation in the crime was petitioner's only defense. Counsel must have known that there would be an uphill battle in making that defense in the face of the strong circumstantial case presented by the state. A failure to do anything to verify or corroborate petitioner's story is a suspension of professional judgment that denied petitioner adequate representation under Article I, section 11, of the Oregon Constitution. She is entitled to a new trial.[1]

Reversed and remanded with instructions to enter a judgment ordering a new trial.

---

[1] We need not address the other claims of inadequate performance.