Argued and submitted January 28, affirmed August 10, petition for review allowed
November 22, 1994 (320 Or 407)

CLIFFORD WAYNE STEVENS,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(16-92-04672; CA A80158)

879 P2d 893

Gary D. Babcock argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Following an indictment for rape in the first degree, ORS 163.375, petitioner was convicted, in a trial to the court, of sexual abuse in the second degree, ORS 163.425. He sought postconviction relief, alleging that his trial counsel was constitutionally inadequate, because he failed to investigate and contact witnesses at the victim's school who were capable of impeaching portions of the victim's testimony at trial and in failing to have a urologist testify that petitioner is impotent and was so at the time when the sexual contact with the victim occurred. The postconviction court denied relief. Petitioner appeals, and we affirm.

On March 5, 1990, petitioner drove the victim, a 12-year-old with a learning disability, to and from school. At trial, the victim testified that, on the way to the school, petitioner stopped his van and had sexual intercourse with her. She also stated that she reported the incident to her physical therapist and one of her teachers, Pattison. The physical therapist testified that, after speaking with the victim, she notified the school counselor. The physical therapist also stated that the victim appeared "nervous, * * * serious and agitated." The victim's parents described her as "emotionally upset, crying and hysterical."

At trial, a physician called by the state testified that when he examined the victim two days after the incident, no foreign hairs, seminal material or trauma was found. Petitioner, who retained counsel, testified and denied any sexual contact with the victim. The trial court found petitioner guilty of sexual abuse in the second degree, ORS 163.425, a Class A misdemeanor. Petitioner appealed, and we affirmed without opinion. *State v. Stevens*, 111 Or App 452, 826 P2d 649 (1992).

At the postconviction hearing, Pattison testified that, contrary to the victim's trial testimony, she had not reported the incident to him. Another teacher and a teacher's aide who had contact with the victim testified that the victim had not reported the incident to them and that she had behaved normally. Four of the victim's classmates testified that the victim told them that petitioner had "hurt" her at petitioner's house, rather than in his van. Two of those

classmates also stated that the victim told them that her mother "was going to sue petitioner for a lot of money."

At the postconviction hearing, petitioner's trial counsel testified that his pre-trial investigation included interviewing witnesses over the telephone and in person, reading petitioner's diary, reviewing the police reports and twice driving from the scene of the incident to the victim's school to take time and distance measurements. Trial counsel testified that he did not contact the school staff or the victim's classmates, because he had received "a very small retainer for a case of this sort" ($9,000), "[the students] were mentally retarded," petitioner could not afford to hire an investigator, and petitioner had not suggested to him that helpful witnesses might be found at the school.

The burden is on petitioner to establish by a preponderance of the evidence that trial counsel's conduct demonstrates an absence or suspension of professional skill and judgment that prejudiced petitioner's defense. *Yeager v. Maass*, 93 Or App 561, 564, 763 P2d 184 (1988), *rev den* 307 Or 340 (1989). Lawyers make numerous tactical decisions in the course of representing a criminal defendant. We will not second-guess those decisions, even if, in hindsight, it appears that those decisions were wrong or disadvantaged the defendant, so long as they are based on the exercise of reasonable professional skill and judgment. *Krummacher v. Gierloff*, 290 Or 867, 627 P2d 458 (1981). Generally, the exercise of reasonable professional skill and judgment requires an investigation that is legally and factually appropriate to the nature and complexity of the case. *Mellem v. State of Oregon*, 106 Or App 642, 645-46, 809 P2d 1348 (1991).

Here, the postconviction court concluded, *inter alia*, that counsel's failure to contact teachers and students at the victim's school did not constitute "a breach of professional judgment," because "there was nothing in the discovery to suggest to counsel either teachers or students were potential witnesses in the case."

To the extent that the court used the police investigation, as reflected in the "discovery," as a yard stick with which to measure the adequacy of trial counsel's factual investigation of the case, it erred. The police may or may not

contact all the witnesses having information relevant to the determination of a criminal case. It is up to defense counsel, not the police, to determine, based on the circumstances of each case, what lines of investigation should be pursued before trial. Here, for example, it is impossible to tell from the police reports whether the police had, in fact, interviewed everyone who may have come into contact with the victim at her school soon after the incident. As the postconviction proceedings reveal, the police either did not contact all the teachers and students with whom the victim might have had contact, or simply did not report every person contacted. At a minimum, the exercise of professional skill required that counsel attempt to determine, independent of the police reports, who the victim might have come in contact with following the incident and attempt to obtain any information from those persons that might be helpful to the defense.

■ However, under the circumstances here, petitioner was also required to prove that a more thorough investigation would have produced evidence or witnesses whose testimony would have affected the outcome of the case. *See Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). At best, the postconviction testimony demonstrated that the victim had been inconsistent about some of the details of the incident in talking to students and staff at the school. However, none of the witnesses who testified at the postconviction hearing directly contradicted the victim's claim that petitioner had sexually assaulted her. We agree with the postconviction court's conclusion that "[p]etitioner [failed] to show that further evidence regarding [the victim's] credibility would have made any difference in the case." Petitioner was not substantially prejudiced by counsel's failure to undertake a more thorough investigation.

■ Finally, petitioner argues that trial counsel was constitutionally inadequate, because he failed to present medical evidence that petitioner was impotent. Counsel explained his decision not to present that evidence:

> "[Defendant] reported to me that he was impotent. I thought it was another one of those issues which was similar to the issue with the pants and the vehicle. I thought we would be risking his credibility on something that we would not necessarily win on and losing that battle in regards to credibility.

"I did not think it would be persuasive to the court that he or a doctor claimed that he was impotent. I thought that the normal response to that was 'Who knows? He says he's not. Maybe he is; maybe he isn't.'"

We cannot say, as a matter of law, that counsel did not make a tenable tactical choice.

Affirmed.